IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES EDWARD COOK, JR.,

      Plaintiff,

v.                                       Case No. 3:20-cv-00011

BRIAN GREENWOOD, Acting
Administrative Hearing Examiner
(Parole Services),

      Defendant.

## MEMORANDUM OPINION AND ORDER

On January 6, 2020, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 requesting that this Court immediately withdraw a probable cause finding made by the defendant in the course of a state parole revocation proceeding. (ECF No. 2). Plaintiff has an attorney assigned to represent him in the state matter, and the proceeding appears to be in progress, although it is unclear from the complaint. It is additionally unclear from the complaint the basis for Plaintiff's ***federal*** claim.

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S.

738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id*. at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679.

Therefore, Plaintiff is hereby **ORDERED** to amend his complaint to provide the following information:

1.      The nature of the *federal* claim he asserts against the defendant.

2.      The nature and history of the parole revocation proceeding—when was the charge filed; what charge was filed; what hearings have occurred; and what court is currently considering the charge.

3.      The current status of the parole revocation proceeding, and whether there has been a final judgment in the proceeding. If a final judgment has been entered, which court issued the final judgment and the contents of the final judgment. Whether the final

judgment was appealed, and if so, the status of the appeal.

4. Whether Plaintiff is still represented by court-appointed counsel in the state proceeding, and whether Plaintiff has informed his counsel of this federal lawsuit.

5. Any other information that bears on Plaintiff's complaint, or explains the nature of his claim against the defendant.

As currently stated, Plaintiff's complaint fails to state a federal cause of action. Therefore, Plaintiff has **thirty (30) days** in which to amend his complaint and clarify his claims. No action will be taken on Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, or on the Complaint, until the amendment is filed. Plaintiff is advised that a failure to amend the complaint as instructed will result in a recommendation that the Complaint be dismissed for failure to state a claim and failure to abide by a Court Order.

Plaintiff is also reminded of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address.

The Clerk is directed to provide a copy of this Order to Plaintiff.

**ENTERED:** January 31, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge