IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JAMES EDWARD COOK, JR.,**

       **Plaintiff,**

v.                                                            **Case No. 3:20-cv-00011**
                                                             **Case No. 3:20-cv-00104**

**BRIAN GREENWOOD;**
**JEFF S. SANDY; and**
**THOMAS L. KIRK,**

       **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

In January 2020, Plaintiff, James Edward Cook, Jr. ("Cook"), proceeding *pro se* and incarcerated in the Western Regional Jail and Correctional Facility ("WRJ"), filed a Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2). Pending is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is contained in the Answer and Affirmative Defenses filed by Defendants. (ECF No. 16 at 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly considered the issues in dispute, the undersigned **FINDS** that the complaint fails to state a claim for which relief may be granted. Accordingly, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the following findings and **RECOMMENDS** that Defendants' motion for

dismissal, (ECF No. 16), be **GRANTED,** and that this action be **DISMISSED** and **REMOVED** from the docket of the Court.

I. <u>**Relevant Facts and Procedural History**</u>

On January 6, 2020, Cook filed the complaint herein, alleging that the defendants improperly conducted state parole revocation hearings, which resulted in Cook's incarceration at the WRJ. (ECF No. 1 at 4-5). Because the nature and foundation of Cook's claims were unclear, the Court issued a Memorandum Opinion and Order on January 31, 2020, explaining to Cook that he needed to amend his complaint to clarify the basis of his federal claim. (ECF No. 4). Cook was instructed to provide additional information regarding the parole revocation proceedings; such as, the history of the proceedings and their current procedural posture. (*Id.* at 2-3).

On February 4, 2020, instead of responding to the specific issues raised by the Court, Cook filed a new, but similar, complaint under § 1983, which was assigned case number 3:20-cv-104. (ECF No. 6). In this complaint, Cook provided additional information about his parole revocation proceedings; including, that he had pending cases in both this district and the Southern District of Ohio regarding the same matter. Cook alleged that he was proven innocent at a full panel hearing of the West Virginia Adult Parole Board, but had not been released from state custody. (*Id.* at 5). He referred the Court to his other pending actions for more information. For relief, Cook asked that the Court grant him immediate release from custody, that his parole be terminated, and that he be awarded financial compensation for each day that he was wrongfully detained. (*Id.*).

The following day, on February 5, 2020, the Court consolidated Cook's two § 1983 cases pending in this district, granted Cook's Applications to Proceed Without Prepayment of Fees and Costs, directed the Clerk to issue summonses for the defendants,

2

and requested that the U. S. Marshals Service effect service of process. (ECF No. 5). On February 12, 2020, Cook filed another § 1983 complaint, which was considered to be a supplement to his two prior complaints. (ECF No. 10). The supplement, however, did not provide new information.

On March 5, 2020, Defendants filed a joint Answer and Affirmative Defenses, (ECF No. 16), in which the defendants requested dismissal of the action on the ground that the complaints failed to state a claim for which relief may be granted. On March 11, 2020, the Court scheduled a status conference to take place on March 24, 2020; however, the conference was delayed until May 6, 2020 due to the COVID-19 pandemic. (ECF Nos. 17, 19, 20.

The Court conducted a status conference on May 6, 2020. (ECF No. 22). Cook attended in person, via videoconference from the WRJ, and counsel for Defendants attended by telephone. During the conference, Cook explained that he was convicted of a crime in Wood County, West Virginia and was released on parole. In November 2019, he was picked up by law enforcement personnel in Ohio and placed on a hold at the request of West Virginia parole officers for an alleged violation of his parole. Cook was turned over to the State of West Virginia shortly thereafter. In early December 2019, a preliminary hearing was held on the alleged parole violation. Although there was no probable cause to support the alleged violation, Cook was detained. On January 22, 2020, a full panel of the West Virginia Adult Parole Board conducted a hearing. Once again, according to Cook, the State lacked sufficient evidence to find Cook guilty of the violation, but he was nonetheless convicted and placed in custody at the WRJ. Cook indicated that he has submitted an appeal to the Parole Board and plans to file a petition for a writ of habeas corpus in West Virginia state court, but has not yet initiated that action. Cook

3

advised that his projected release date is in July. Counsel for defendants confirmed that Cook had been found guilty of a parole violation and was in custody due to the revocation of his parole. Defendants further verified that no state habeas proceeding has been initiated by Cook.

## II. Standard of Review

Defendants request that Cook's complaints be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because Defendants filed the motion to dismiss concurrently with their answer, the motion shall be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). The standard of review for Rule 12(c) motions is the same as the standard used to review a motion under Rule 12(b)(6). *CentraArchy Rest. Mgmt. Co. v. Angelo*, No. 19-1888, 2020 WL 1487699, at *1 (4th Cir. Mar. 25, 2020) (citing *Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012)).

Under this standard "a motion for judgment on the pleadings should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.* (quoting *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)). "In other words, a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Id.* (citing *Butler*, 702 F.3d at 752). The Court will assume that the facts alleged in the complaint are true and will draw all reasonable inferences in Cook's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). While the Court "take[s] the facts in the light most favorable to the plaintiff, … [the

Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Court are required to liberally construe *pro se* complaints, such as the complaint filed herein. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Cook's complaint is filed pursuant to 42 U.S.C. § 1983, which provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe*

*v. Pape*, 365 U.S. 167, 171-72 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of state law. *See* 42 U.S.C. § 1983; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *Sullivan,* 526 U.S. at 50.

Looking first at Cook's claim for money damages, the undersigned **FINDS** that the complaint fails to state a compensable claim. In *Heck v. Humphrey*, the Supreme Court of the United States ("Supreme Court") held that monetary damages, injunctive relief, and declaratory relief are not available through § 1983 if judgment in the plaintiff's favor necessarily implied the unlawfulness of his confine or conviction. *Heck,* 512 U.S. 477, 486 (1994). The Supreme Court explained as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated [by showing that it was] reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

6

> to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. In other words, a claim for damages that implies the invalidity of a prisoner's conviction or sentence, which has *not* been so invalidated, is not cognizable under § 1983. *Heck*'s holding precludes a prisoner from instituting a collateral attack that may result in two inconsistent results—for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to an unconstitutional conviction or imprisonment.[1] *Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008).

With respect to Cook's request for immediate release, the undersigned likewise **FINDS** that he is not entitled to that form of relief in this action. A civil rights complaint is not a substitute for direct appeal or habeas review. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *also Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Indeed, the law is well settled that a petition for a writ of habeas corpus—not a complaint under § 1983—is the

---

[1] In the event that Cook's parole revocation is set aside and he brings a second § 1983 complaint against the defendants, the undersigned notes that such a complaint will be dismissed as to any members of West Virginia's Adult Parole Board, as "[p]arole board members enjoy absolute immunity from damages claims arising out of the decision to revoke parole." *Miller v. Murray,* 854 F.2d 1317 (4th Cir. 1988) (citing *Pope v. Chew,* 521 F.2d 400 (4th Cir. 1975).

exclusive remedy for a state prisoner who seeks immediate or speedier release from detention. *Heck*, 512 U.S. at 481; *Johnson v. Ozmint*, 567 F. Supp.2d 806, 823 (D.S.C. 2008) (holding that release from prison is not a result obtainable in a § 1983 action).

Moreover, because Cook's claims involve a state court conviction, he must exhaust his state remedies before he can proceed with a federal habeas proceeding. *See* 28 U.S.C. § 2254(b); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) ("In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief."). Exhaustion is required regardless of whether the federal petition is filed pursuant to § 2254 or § 2241. *Timms v. Johns,* 627 F.3d 525, 531 (4th Cir. 2010) (explaining that federal habeas corpus is an "avenue of last resort" that should not be pursued until there has been "exhaustion of alternative remedies."). Similarly, exhaustion is required regardless of whether the conviction is based on a new violation of state law, or is the result of a parole revocation. *Douglas v. Muncy,* 570 F.2d 499, 500 (4th Cir. 1978) (finding that a petition for a writ of habeas corpus pertaining to a state parole renovation proceeding failed to exhaust state remedies and therefore was not properly brought in federal court); *Taylor v. Mirandy,* No. 1:15CV219, 2016 WL 5338085, at *4 (N.D.W. Va. Sept. 23, 2016) (noting that a petitioner seeking federal habeas review of a parole revocation had exhausted state remedies by rising his constitutional challenges to "the highest court in the state of West Virginia.").

West Virginia's statutory law and rules govern parole revocation proceedings brought by the State of West Virginia. W. Va. Code § 62-12-12 *et seq*. Section § 92-2-16 of the West Virginia Code of State Rules provides that an inmate who is aggrieved by a

decision of the State's Parole Board may challenge that decision by filing "a state *habeas corpus ad subjiciendum* action (W.Va. Code 53-4A-1 *et seq*.) in the Circuit Court of Kanawha County, the Circuit Court of the County where the Institution is located, or the West Virginia Supreme Court of Appeals, *if* the actions or Decision of the Parole Board is alleged to violate rights provided by the West Virginia Constitution." W. Va. C.S.R. § 92-2-16. As such, Cook has an available state remedy in which to attack the constitutionality of his parole revocation. Therefore, Cook must pursue that remedy before presenting the issue to a federal district court.

In summary, Cook's § 1983 complaint must be dismissed for failure to state a cognizable claim, and, furthermore, his complaint may not be construed and prosecuted as a petition for a writ of habeas corpus, because Cook has only begun the process of exhausting his available state remedies.

### IV.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings set forth herein and **RECOMMENDS** that Defendants' motion for dismissal, (ECF No. 16), be **GRANTED**, and this case **DISMISSED** and **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, and counsel of record.

**FILED:** May 11, 2020

Cheryl A. Eifert
United States Magistrate Judge